```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF LOUISIANA
                         SHREVEPORT DIVISION
```

ALICE J. WASHINGTON                    CIVIL ACTION NO. 06-0729

versus                                 JUDGE HICKS

COMMISSIONER OF THE SOCIAL             **REFERRED TO:**
SECURITY ADMINISTRATION                **MAGISTRATE JUDGE HORNSBY**

## MEMORANDUM RULING

**Introduction**

Alice Washington ("Plaintiff") filed her ninth application for Supplemental Security Income in April 2002 based on claims of a non-healing abdominal wound, high blood pressure, asthma, depression, stress and obesity. Plaintiff, who has thirteen years of formal education and past work experience as a nurse's assistant, was 53 years old when ALJ Charles Lindsay denied her claim.

Plaintiff pursued the claim to the Appeals Council, and her attorney sent the Council a letter that enclosed a report from Dr. David Duarte, which report had not been presented to the ALJ. Tr. 17 & 776-79. The Appeals Council denied the request for review. Tr. 11.

Plaintiff filed this civil action seeking judicial review. Both parties filed written consent to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

**Issue on Appeal**

Plaintiff complains that the Appeals Council failed to consider the report from Dr. Duarte.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

The court's review of whether the Commissioner's denial of benefits is supported by substantial evidence includes the Appeals Council's denial of a request for review. Evidence submitted for the first time to the Appeals Council is part of the record on appeal because it constitutes evidence upon which the decision complained of is based. Higginbotham v. Barnhart, 405 F.3d 332 (5th Cir. 2005).

Plaintiff quotes the portion of the Appeals Council's decision that it has "denied your request for review" and concludes that the council did not specifically address the additional

evidence. The council also wrote, however, that: "In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council." The council added, "We found that this information does not provide a basis for changing the Administrative Law Judge's decision." Tr. 11-12. The Order of Appeals Council includes Dr. Duarte's report. Tr. 14. Plaintiff urges that the Appeals Council was required to consider and articulate each of the regulatory factors set forth in 20 C.F.R. § 416.927(d) before discounting or rejecting the opinion of a treating physician. Plaintiff also points to the Hearings, Appeals and Litigation Law Manual ("HALLEX") provisions that the Appeals Council must specifically address additional evidence submitted in connection with the request for review. The Fifth Circuit noted in Higginbotham at footnote 1 that it appears the requirement of a detailed discussion of additional evidence was suspended by a memorandum from the Executive Director of Appellate Operations. In any event, any failure in this regard would require remand only if Plaintiff showed prejudice. Newton v. Apfel, 209 F.3d 448, 459-60 (5th Cir. 2000). Procedural perfection in the administrative proceedings is not required, and the courts will not vacate a decision unless the "substantial rights" of a party have been affected. Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988).

The record reviewed by the ALJ showed that Plaintiff had abdominal surgery in 1999 that was, unfortunately, followed by development of abdominal wall abscesses that required additional surgeries. By 2004, wounds related to the abdominal problem had healed.

Evidence in the interim included a 2002 consultative examination by Dr. Raymond Cush. He observed at that time a healed scar from the hernia repair. Plaintiff's hypertension was partially controlled with medications, and the abdominal would was healed without need for additional attention or surgery. Plaintiff's complaints of depression were noted to have not required any recent attention or medication. Plaintiff had good strength and dexterity of her hands and "no documented problems which would seem to prevent her from doing her prior work as a clerk or a nurse." Tr. 515-17.

Susan Tucker, Ph.D., a clinical psychologist, conducted a consultative examination in January 2004. Plaintiff complained of depression due to her chronic pain and current medical condition. She had no memory problems, was alert and well-oriented, and demonstrated an average ability to focus and sustain concentration. The diagnosis was major depressive disorder, secondary to general medical condition, but no significant mental limitations were found. Tr. 553-55.

Dr. William Allums conducted another consultative examination in March 2005. Plaintiff had well healed scars in the abdomen, a full range of motion in the cervical spine, and full grip strength. She had some non-severe lumbar area tenderness. Plaintiff had some limitation of full range of motion, primarily due to obesity and small stature. She had normal gait, but was wobbly in her walk. Tr. 703-06.

The ALJ conducted the five-step sequential analysis. He found that Plaintiff was not engaged in substantial gainful activity (step one) and that she had chronic umbilical hernia

infection, hypertension, slight-to-moderate hypertrophic arthritis, obesity, asthma and depression, impairments that are severe within the meaning of the regulations (step two) but not severe enough to meet or equal a listing (step three) that would mandate a finding of disabled without regard to age, education or vocational factors.

The ALJ reviewed in detail the medical evidence that was presented to him, and he assessed Plaintiff's credibility. He determined that she had the residual functional capacity ("RFC") to perform light work activity, reduced by the inability to work in high concentrations of dust, fumes, etc., and by a moderate limitation in the ability to understand, remember and carry out detailed instructions, with moderate limitations in maintaining attention and concentration for extended periods, interacting appropriately with the general public, setting realistic goals, or making plans independently of others.

That RFC did not allow Plaintiff to perform the demands of her past work as a nurse's assistant, but a vocation expert testified that there were other jobs that a person with Plaintiff's RFC could perform and that are available in significant numbers in the relevant economy. Based on that testimony, the ALJ found at step five that Plaintiff was not disabled.

Plaintiff has not attacked the ALJ's decision as not supported by substantial evidence when the record presented to the ALJ is considered. Plaintiff's only complaint is that Dr. Duarte's report was not specifically considered. Dr. Duarte's report consists of him checking boxes to conclude that Plaintiff can lift less than 10 pounds even occasionally and can stand or walk (with normal breaks) only about two hours in an 8-hour work day. He

assessed a similar ability to sit, and suggested that Plaintiff could sit or stand no more than 15 or 20 minutes without the need to change position, with 10 minutes of walking required at each change. He added that Plaintiff would need the opportunity to shift at will from sitting or standing/walking.

Dr. Duarte stated in his 2005 report that he had last seen Plaintiff in 2002, so the limitations stated were for that time. The report consists mainly of checked boxes and circled numbers. Dr. Duarte was asked to state the medical findings that support his limitations. He wrote only that Plaintiff had a difficult time with wound healing despite several attempts at operative correction. Tr. 776-79.

Dr. Duarte's report is largely conclusory and does not include adequate findings to support the extraordinary limitations he assesses. The limitations he suggests are also not supported by the other medical evidence of record, which evidence was discussed at length and relied upon by the ALJ. There is no reasonable likelihood that, had the appeals council discussed Dr. Duarte's report with more specificity, that the result in this case would have been different. The Commissioner's decision is supported by substantial evidence, and a judgment will be entered affirming that decision.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 6th day of June, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE